WILLIAM P. COHEN, TRADING, ETC., AS SEASHORE EX-
PRESS COMPANY, PLAINTIFF-APPELLEE, v. JOSEPH T.
O'BRIEN, DEFENDANT-APPELLANT.

Submitted December 6, 1924—Decided January 30, 1925.

**Negligence—Motor Vehicle Collision—Alleged Contributory
Negligence, and Want of Negligence of Defendant—Judg-
ment for Plaintiff Sustained.**

On appeal from the First District Court of the city of
Newark.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Frank G. Turner.*

For the appellee, *Collins & Corbin.*

PER CURIAM.

This is defendant's appeal from a judgment for $500 for
the plaintiff in the First District Court of the city of Newark,
rendered by the judge, sitting without a jury.

The plaintiff was driving his truck along the roadway in
the freight yard of the Central railroad, Newark, and as he
was making a turn, defendant's truck collided with him and
damaged plaintiff's truck.

According to plaintiff's testimony, he was driving in
second gear, at eight miles an hour, on the right-hand side
of the roadway; that on his right was a line of freight cars
shutting off his view to the right; that as he approached the
westerly end of the cars, around which he intended to pass
to the right, he sounded his horn; that when about half way
around the turn he first saw the defendant's truck about five
feet away, moving in a southerly direction at the rate of
twenty to twenty-five miles an hour; that plaintiff was well
over on the right-hand side of the road, and was unable to
get out of the way; that he stopped his machine, and was

standing still at the time of the collision; that the left wheel of defendant's truck collided with the front of plaintiff's machine.

The first point made is that the judge should have found for the defendant upon the ground (1) that there was no evidence of the negligence of the defendant, and (2) that contributory negligence of the plaintiff was conclusively shown. It is sufficient to say that both questions were jury questions, and the decision thereof by the trial judge will not be disturbed.

The next point is that the judge erred in awarding $500 damages. We think not. The testimony permitted of the inference that such sum represented the difference in value of plaintiff's truck immediately before and immediately after the accident.

Lastly, it is argued that the trial judge had no jurisdiction to hear the case without a jury, because a demand for a jury had been made before the trial. We think there is no merit in this argument—first, because the defendant went to trial without any objection, and, secondly, because such action is not specified as a cause for reversal.

The judgment will be affirmed, with costs.