**In re David Rock HUDSON, Debtor.**

**Gregory STACKHOUSE and Esther Stackhouse, Appellants,**

v.

**David Rock HUDSON, Appellee.**

**BAP No. WW 86–1853 EAsMe.**
**Bankruptcy No. 85–05471 W7.**
**Adv. No. A 86–01857.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued and Submitted on Jan. 22, 1987.

Decided May 15, 1987.

John J. Dorman, Dorman, Meyers & McMenamin, Tacoma, Wash., for appellants.

Charles A. Schaaf, Forks, Wash., for appellee.

Before ELLIOTT, ASHLAND and MEYERS, Bankruptcy Judges.

ELLIOTT, Bankruptcy Judge:

Gregory and Esther Stackhouse appeal from an order granting summary judgment in favor of David Rock Hudson on a complaint to determine dischargeability of a pending drunk driving lawsuit against Hudson. We affirm.

On March 28, 1982, Gregory Stackhouse was riding his motorcycle westbound on LaPush Road in Clallum County, Washington. David Rock Hudson was driving his truck eastbound on the same road, when he crossed over the center divider and hit Stackhouse head on. Stackhouse sustained serious injuries. A Washington State Trooper administered a breathalyzer test to Hudson immediately after the collision. Hudson was cited for and later convicted of driving while intoxicated.

Stackhouse and his wife filed suit against Hudson in the Clallum County Superior Court, for personal injuries to Gregory Stackhouse and loss of consortium to Esther Stackhouse. On December 12, 1985, one day before the trial was to begin, Hudson filed a Chapter 7 petition in bankruptcy. The state court action was stayed.

The bankruptcy court set April 7, 1986, as the last day for filing complaints to determine dischargeability under § 523(c). On March 24, 1986, Hudson filed a complaint to determine the dischargeability of the Stackhouses' claims against him under § 523(a)(9). The Stackhouses had until April 28, 1986, to respond. On April 24, 1986, after the deadline for filing § 523(c)

nondischargeability complaints, the Stackhouses filed an answer to the complaint, with counterclaims against Hudson.

On April 23, 1986, Judge Steiner granted a discharge to Hudson on the grounds that no complaint objecting to discharge had been filed within the allowed time. On June 20, 1986, Hudson filed a motion for summary judgment on his complaint, based on the discharge already granted. Hudson also argued that the Stackhouses could not recover under § 523(a)(9) because they did not have a judgment or consent decree as required by the statute.

The bankruptcy judge, at a hearing on September 9, 1986, gave summary judgment for Hudson on the ground that the debt was already discharged. This judgment was not entered until September 16, 1986. The Stackhouses filed their notice of appeal on September 12, 1986. On or about October 3, 1986, the Stackhouses brought a motion before the bankruptcy court to modify the judgment. The judge modified the order to clarify certain facts and set forth the reasons the court granted summary judgment for Hudson.

### Issues

1. Is the notice of appeal timely where the appellants filed a motion to amend the judgment after the notice of appeal was filed, and where the notice of appeal was filed prior to entry of the judgment?
2. Is it a condition precedent to recovery under § 523(a)(9) that the creditor obtain a judgment for damages *before* the debtor files bankruptcy?
3. If the debtor files a complaint seeking determination of dischargeability under 11 U.S.C. § 523(a)(9), but the creditor does not answer seeking affirmative relief until after the bar date set by § 523(c), is the creditor's request for relief under § 523(a)(6) nevertheless timely?

### Discussion

#### 1. Timeliness of Appeal

■ We first review the procedural history to determine if the Stackhouses may bring this appeal. Hudson claims that the Stackhouses did not file a timely notice of appeal. Hudson asserts that under Bankruptcy Rule 8002(b), a notice of appeal filed before a motion to amend under Bankruptcy Rule 7052, has no effect, and must be refiled after the motion to alter or amend. Here, the Stackhouses did not file a new notice of appeal after the motion to modify the judgment was granted.

The controlling case on this issue is *FTC v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 73 S.Ct. 245, 97 L.Ed. 245 (1952). The Supreme Court held that the time for filing an appeal is tolled only when the court changes the legal rights and obligations in a modified order. Absent a change in rights, the time for filing an appeal is not tolled. The rationale of *Minneapolis-Honeywell* applies to the present case. A new notice of appeal is not required except where the court changes rights and obligations by the modified order. Here, the modified judgment still granted summary judgment for Hudson. Therefore, we hold that the modified judgment did not require the refiling of the notice of appeal. The Stackhouses' notice of appeal was timely filed.

■ Hudson also claims that the appeal should be dismissed because the notice of appeal was filed before the judgment was entered. It is well-settled in the Ninth Circuit that a notice of appeal filed after the decision, but before the order is signed, filed or served, is timely. *Matter of Brickyard*, 735 F.2d 1154 (9th Cir.1985).

#### 2. Necessity for a judgment under § 523(a)(9)

We review the order granting summary judgment under the *de novo* standard of review, as the issues are questions of law. This panel must view the evidence and draw factual inferences in the manner most favorable to the Stackhouses as the nonmoving party. Then, a grant of summary judgment will be affirmed only if there are no genuine issues of material fact, and the moving party is entitled to prevail as a matter of law. *In re Stephens*, 51 B.R. 591 (9th Cir. BAP 1985). Here, the parties agree on the facts. The dispute centers

around the interpretation of § 523(a)(9) and the timeliness of the complaint. We review the bankruptcy court's judgment to determine if Hudson is entitled to prevail as a matter of law.

██ Hudson argues that the Stackhouses' claims are dischargeable because they have not been reduced to a judgment as required by § 523(a)(9). Numerous bankruptcy courts have confronted this situation, and have uniformly held that Congress could not have meant to foreclose a victim of a drunk driver who has not had time to obtain a judgment in state court before the drunk driver files bankruptcy.

One of the earliest cases to make this finding was *In re Thomas*, 51 B.R. 187 (Bankr.E.D.Va.1985). In this case, the administrator of the estate of a motorist killed in a collision filed a complaint to determine dischargeability of the drunk driving claim against the debtor. The debtor moved to strike the complaint on the ground that § 523(a)(9) requires a judgment. The court acknowledged that the literal language of the statute required a judgment. The court held, "[a]s worded, the legislation gives quick-thinking drunks or their attorneys an out. If they can race to the U.S. Bankruptcy Court before the injured can obtain a state court judgment, the intoxicated debtor can still prevail.... Really, *absent a dilatory debtor, one injured can still not prevail.*" *Id.* at 188–89. (emphasis in original).

Reasoning that Congress could not have intended this result, the court held that a creditor who has not had a reasonable time to seek a judgment in state court should be granted relief from stay to prosecute his claim.

The bankruptcy judge in *In re Ganzer*, 54 B.R. 75 (Bankr.D.Minn.1985), reached the same conclusion. Again, the court acknowledged that the literal language of the statute required a judgment or consent decree. However, the court went further to examine the legislative intent. The court would "not presume Congress intended to sabotage its legislation and create such an absurdity." *Id.* at 77. The court held the claim to be nondischargeable pending an evidentiary hearing to determine whether the debtor was intoxicated when the injury occurred.

A bankruptcy court in New York recently addressed this issue in *In re Richards*, 59 B.R. 541 (Bankr.N.D.N.Y.1986). The debtor hit a parked car while driving under the influence of alcohol, and the owner brought a complaint to determine dischargeability under § 523(a)(9). The debtor filed a motion to dismiss for lack of a judgment or consent decree. The court found that Congress did not intend the "ludicrous result" of a drunk driver obtaining a discharge of the debt because the victim did not have a pre-petition judgment. *Id.* at 543. The court then held that a broad interpretation of § 523(a)(9) was necessary, and that the required judgment or consent decree could be entered post-petition.

The District Court for the Southern District of Indiana reached the same result in *In re Leach*, 63 B.R. 724 (Bankr.S.D.Ind. 1986). This was an appeal from a bankruptcy court order lifting the automatic stay to allow the victim to pursue a state court suit against the debtor. The District Court affirmed, holding that, "The appellant has not cited case authority, nor is this Court aware of any, which supports the proposition that § 523(a)(9) is only available to claimants who reduce their claims to judgment or consent decree before the debtor files in bankruptcy." *Id.* at 727.

The most recent case on this issue also followed the majority view. In *In re Carney*, 68 B.R. 655 (Bankr.D.N.H.1986), there were two plaintiffs who had been involved in the drunk driving accident with the debtor. One plaintiff had a pre-petition judgment against the debtor, but the other plaintiff did not. Without any discussion the court held, "The absence of a judgment prior to bankruptcy has been deemed immaterial under § 523(a)(9) of the Code." *Id.* at 656. [citations omitted].

There is one case that did not adopt the majority view. In *In re Moore*, 53 B.R. 259 (Bankr.S.D.Ohio 1985), the court found that § 523(a)(9) requires a judgment or consent decree. However the court held that the

parties could proceed under § 523(a)(6) in the absence of a pre-petition judgment.

Our analysis starts with the clear and unambiguous language of the statute. Section 523(a)(9) says that a debt is nondischargeable "to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated...." The meaning and intent of this code section is very clear. We are not free to disregard the plain language of the statute because of an aversion to drunken drivers, an aversion we share with our brothers in the above reported cases.

The analysis of the courts around the country which have allowed recovery under § 523(a)(9) without a pre-petition judgment does not withstand scrutiny. Section 727(b) bolsters our interpretation of § 523(a)(9). Section 727(b) specifies that the debtor may be discharged "from all debts that arose before the date of the order for relief." Section 301 specifies that "[t]he commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter." Therefore, the status of the claim at the date of the order for relief determines whether the claim is or is not dischargeable under any subsection of § 523(a). All claims that arose before the commencement of the case are discharged, except as provided for in § 523(a).

At the date of the order for relief, the Stackhouses' only had a claim against Hudson, not a judgment or consent decree. Therefore, the Stackhouses have not met the requirements of § 523(a)(9), as set out in that code section, and the debt is discharged pursuant to § 727(b). While we may not like this result, as judges we must follow the laws as written by Congress. If, as some courts suggest, Congress erred in drafting the statute, then Congress must enact legislation to correct it.

However, creditors suffering damages by reason of a debtor driving under the influence of alcohol, but not holding a pre-petition judgment, are not without remedy.

A creditor who files a timely complaint under § 523(a)(6) may still obtain nondischargeability against the debtor for willful and malicious injury arising out of a drunk driving incident. This was established by the Ninth Circuit in *In re Adams*, 761 F.2d 1422 (9th Cir.1985). The Court analyzed a drunk driving judgment under both § 523(a)(9) and § 523(a)(6). The Court held that § 523(a)(9) was intended as a clarification of § 523(a)(6). Accordingly, "driving while intoxicated constitutes conduct sufficiently intentional to support a finding of willfulness and malice under § 523(a)(6)." *Id.* at 1427.

The Bankruptcy Appellate Panel reached the same result in *In re Ray*, 51 B.R. 236 (9th Cir. BAP 1985). This case holds that a driver who is voluntarily intoxicated is subject to a claim of nondischargeability under § 523(a)(6).

■ In the present case, we consider the Stackhouses' response to be a claim for relief under § 523(a)(6), for willful and malicious injury, even though the response did not specifically state a claim for relief under § 523(a)(6). In *In re Blewett*, 14 B.R. 840 (9th Cir. BAP 1981), we held that a pleading may be construed to seek relief under a particular code section even though the pleading does not state the appropriate code section.

"The purpose of [pleading] is to facilitate a decision on the merits, and to give notice to the adversary of the nature or basis of the claim brought against him and the general type of litigation involved.... It would be improper to dismiss a claim which raises a cognizable cause of action where that claim is merely mislabeled.... [a]ll pleadings shall be construed as to do substantial justice." *Id.* at 841–42.

■ Although a claim for nondischargeability for a drunk driving claim may be brought under § 523(a)(6), there are additional procedural guidelines that must be followed. Bankruptcy Rule 4007 requires that a complaint to determine dischargeability under § 523(c) must be filed within sixty days of the § 341(a) meeting of creditors, or upon an extension date set by the

court. Section 523(c) encompasses only complaints filed under § 523(a)(2), (4), or (6). Thus, complaints filed under other subsections of § 523(a) may be filed at any time.

It is not necessary for the creditor to file a complaint if the debtor has filed a complaint to determine dischargeability. In *In re Thomas*, 47 B.R. 27 (Bankr.S.D. CA 1984), the debtor filed a complaint to determine the dischargeability of spousal support payments. The debtor's ex-wife filed an answer to the complaint, but did not file her own complaint. The debtor moved for summary judgment, claiming that the ex-wife failed to comply with Bankruptcy Rule 4007(c). The court rejected that argument, and held that the purpose of pleading is to assist the court in reaching a decision on the merits. That purpose was served where the complaint was filed by the debtor. Furthermore, the ex-wife's answer was construed to have raised a claim of nondischargeability for conversion of funds. Conversion is a cause of action covered by § 523(c), and the ex-wife was required to file an answer by the bar date. Her answer was timely filed within the period allowed for filing nondischargeability claims under § 523(c).

In the present case, the deadline to file a complaint to determine dischargeability was April 7, 1986. On or about March 24, 1986, Hudson filed a complaint to determine the dischargeability of the Stackhouses' claims. The Stackhouses filed an answer on April 24, 1986, within the time period allowed for an answer, but not within the time period for filing a complaint under § 523(c).

Although the response may take the place of a complaint to determine dischargeability, the creditor is not excused from timely filing within the sixty day period for requesting relief under § 523(a)(2), (4), or (6).

The Stackhouses are precluded from recovering by their failure to obtain a judgment against Hudson prior to his bankruptcy, and by their failure to file a timely request for relief under § 523(c). Had they filed a timely complaint, the Stackhouses may have sustained the complaint for nondischargeability of their drunk driving claim under § 523(a)(6). Thus, our ruling in this case does not leave victims of drunk drivers unprotected under the Bankruptcy Code.

We affirm.