**In re David Patrick ROSE, a/k/a Pat Rose, Debtor.**

**Jacqueline YOUNG and Floyd Young, Plaintiffs,**

v.

**David Patrick ROSE a/k/a Pat Rose, Defendant.**

**Bankruptcy No. 87–08093. Adv. No. 87–7567.**

United States Bankruptcy Court, E.D. Michigan, S.D., at Flint.

Feb. 5, 1988.

---

cy Code. On the debtor's Schedule A–3 was listed a contingent, unliquidated debt owing to the plaintiffs in this adversary proceeding. On September 1, 1987, the plaintiffs filed a complaint to determine the dischargeability of their claim under 11 U.S.C. § 523(a)(9). On September 26, 1987, the debtor received his Chapter 7 discharge, subject, of course, to the limitation which the outcome of this adversary proceeding may impose on it.

The plaintiffs' complaint alleged that the debtor "negligently and drunkenly drove his motor vehicle into the rear end of an automobile occupied by plaintiff Jacqueline Young on or about December 15, 1985 causing Jacqueline Young to sustain serious injury(ies)." The complaint further alleged that the debtor's actions and subsequent conviction of drunk driving constitute a debt which is nondischargeable under § 523(a)(9).

The debtor admitted that he pled no contest to the criminal charge of operating a motor vehicle while intoxicated and was thereupon convicted of the charge. At trial, the parties stipulated that the accident was caused by the debtor's driving while intoxicated. The debtor denied, however, that the debt concededly due to the plaintiffs is nondischargeable under § 523(a)(9) since no judgment or consent decree had been entered against him fixing his civil liability to the plaintiffs prior to his filing bankruptcy. The debtor therefore requested that the plaintiffs' complaint be dismissed.

The present posture of this case is as follows: before the debtor filed bankruptcy, the plaintiffs had commenced a state court lawsuit against him and an alleged seller of alcoholic beverages to the debtor. The case is set for trial next week. They also filed this lawsuit for a determination that the debt is nondischargeable under § 523(a)(9).

Notwithstanding the language of § 523(a)(9), which states that a debt must arise from a judgment or consent decree incurred as a result of a debtor's operation of a motor vehicle while legally intoxicated,

Ronald D. Higgerson, for plaintiffs.

Jon T. Warren, Flint, Mich., for defendant.

## MEMORANDUM OPINION RE: DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(9)

ARTHUR J. SPECTOR, Bankruptcy Judge.

On June 26, 1987, the above debtor filed for relief under Chapter 7 of the Bankrupt-

may the bankruptcy court ignore the seemingly clear language and allow the plaintiffs the opportunity to obtain a judgment against the debtor, and then hold that judgment claim nondischargeable? Furthermore, is the criminal conviction the type of judgment contemplated by this subsection?

Section 523(a)(9) states that:

(a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—

(9) to any entity to the extent that such debt arises from a judgment or consent decree entered in a court of record against a debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while illegally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within such liability was incurred ...

A criminal conviction is a judgment. 21 Am.Jur.2d *Criminal Law* § 525 (1981). It is a judgment arising from the criminal, as opposed to the civil side of the court perhaps, but it is nonetheless a judgment. Can this judgment support a § 523(a)(9) case? We think not. The statute states that the debt "to *an entity*" is not discharged *"to the extent that"* it *"arises from a judgment ... wherein liability was incurred ...* as a result of the debtor's operation of a motor vehicle while legally intoxicated...." The "entity" which receives a favorable judgment in a criminal conviction is the State, not the injured individual. The "liability ... incurred" as a consequence of a criminal conviction is criminal liability, not civil damages. Of course, criminal liability is not dischargeable in Chapter 7. 11 U.S.C. § 523(a)(7); *Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). Moreover, the mere fact of a criminal conviction for drunk driving does not inevitably result in a civil judgment against the drunk driver in favor of civil plaintiffs. For one thing, there may not have been any injured parties; a driver could be pulled over by a police officer without the prior occurrence of an accident. For another, even if the arrest is a result of an accident, the plaintiffs still must prove proximate cause and damages, and, in those states where contributory negligence is still a bar, the lack of contributory negligence. Therefore, we think it obvious that the debtor's criminal conviction is not the "judgment" apparently required by § 523(a)(9).

Section 523(a)(9) was written in such a way as to create much consternation among the bankruptcy courts. The plaintiffs argued that it was added by Congress in 1984 to exempt from discharge debts arising from the debtor's operation of a motor vehicle while legally intoxicated. Prior thereto, while many cases held to the contrary, a substantial number of cases held that claims arising from injuries caused by a drunk driver could be discharged in the drunk driver's bankruptcy because driving drunk was not "willful and malicious" for purposes of § 523(a)(6) or its Bankruptcy Act predecessor, former 11 U.S.C. § 17a(8).[1] In response to this split of authority, Congress enacted § 523(a)(9) as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984 (P.L. 98–353) (BAFJA). Congress' infelicitous choice of words has created a legitimate debate over its intent.

As written, the section seems to require that a claim for injuries resulting from a

---

1. *Compare In re Wegner,* 88 F.2d 899 (7th Cir. 1937); *In re Tillery,* 16 F.Supp. 877 (N.D.Ga. 1936); *In re Wilson,* 269 F. 845 (D.1920); *In re Davis,* 26 B.R. 580 (Bankr.D.R.I.1983); *In re Silas,* 24 B.R. 771 (Bankr.N.D.Ala.1982); *In re Oakes,* 24 B.R. 766 (Bankr.N.D.Ohio 1982); *In re Morgan,* 22 B.R. 38 (Bankr.D.Neb.1982); *Prater v. King,* 73 Ga.App. 393, 37 S.E.2d 155 (1946); *Bielawski v. Nicks,* 290 Mich. 401, 287 N.W. 560 (1939); *Tippett v. Sylvester,* 127 A. 321 (N.J. 1925) (holding such debts dischargeable) *with In re Green,* 87 F.2d 951 (7th Cir.1937); *In re Carey,* 35 B.R. 894 (E.D.Tenn.1983); *In re Smith,* 161 F.Supp. 896 (W.D.N.Y.1956); *In re Cloutier,* 33 B.R. 18 (Bankr.D.Me.1983); *In re Wooten,* 30 B.R. 357, 10 B.C.D. 1029, 8 C.B.C.2d 944 (Bankr.N.D.Ala.1983); *In re Askew,* 22 B.R. 641 (Bankr.M.D.Ga.1982), *aff'd* 705 F.2d 469 (11th Cir.1983); *In re Greenwell,* 21 B.R. 419, 7 C.B.C.2d 492 (S.D.Ohio 1982); *Rembert v. Robinson,* 65 So.2d 805 (La.App.1953); *Saueressig v. Jung,* 246 Wis. 82, 16 N.W.2d 417 (1944) (holding to the contrary); *see* 1A *Collier on Bankruptcy* ¶ 17.17 (14th ed. 1978).

vehicular accident caused by a drunk driver be reduced to a judgment or consent decree before it could be held nondischargeable. This has resulted in an unseemly race to court between injured plaintiffs and drunk-driving defendants wherein the plaintiffs attempt to obtain their judgments or consent decrees prior to the filing of the defendant's bankruptcy petition. Most courts which have had the misfortune to confront this issue have held that plaintiffs are entitled to try to obtain a judgment or consent decree against a debtor even after the bankruptcy is filed. *In re Tuzzolino,* 70 B.R. 373, 376 (Bankr.N.D.N.Y.1987); *In re Carney,* 68 B.R. 655, 656, 15 B.C.D. 376 (Bankr.D.N.H.1986); *In re Ganzer,* 54 B.R. 75, 76–77, 13 B.C.D. 778, 13 C.B.C. 947 (Bankr.D.Minn.1985); *In re Richards,* 59 B.R. 541, 543, 14 B.C.D. 348, 14 C.B.C.2d 1422 (Bankr.N.D.N.Y.1986); *In re Thomas,* 51 B.R. 187, 189, 13 C.B.C.2d 113 (Bankr.E. D.Va.1985); *In re Jones,* 80 B.R. 974 (W.D. Mo., 1987). At least one other court has reluctantly followed the literal language of § 523(a)(9) and held that its language is clear and suggested that Congress take it upon itself to remedy the situation. *In re Hudson,* 73 B.R. 649, 15 B.C.D. 1308, 16 C.B.C.2d 1414 (9th Cir.B.A.P.1987).[2]

The court in *Hudson* stated that the other line of decisions does not withstand scrutiny. In that court's view, § 727(b) supported its determination that § 523(a)(9) requires that a judgment or consent decree be entered pre-petition.

> Section 727(b) specifies that the debtor may be discharged "from all debts that arose before the date of the order for relief." Section 301 specifies that "[t]he commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter." Therefore, the status of the claim at the date of the order for relief determines whether the claim is or is not dischargeable under any subsection of § 523(a). All claims that arose before the commencement of the case are discharged, except as provided for in § 523(a).

73 B.R. at 653. Since the plaintiffs there only had a claim against the debtor's estate as of the date of the order for relief, rather than a judgment or consent decree, the plaintiffs had not met the requirements of § 523(a)(9) and the debt was held to be discharged under § 727(b). While finding the result unpalatable, the court felt bound to follow the law as Congress had written it. "If, as some courts suggest, Congress erred in drafting the statute, then Congress must enact legislation to correct it." The court was "not free to disregard the plain language of the statute because of an aversion to drunk drivers", even though it shared the same aversion to drunk drivers as reported in cases otherwise disregarding the plain language of § 523(a)(9). *Id.*

*Hudson* overlooks one oft-stated exception to the plain meaning doctrine. When the plain meaning of the words of a statute "has led to absurd or futile results", courts should look "beyond the words to the purpose of the act." *United States v. American Trucking Ass'n,* 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345, 1350 (1940); *Haggar Co. v. Helvering,* 308 U.S. 389, 394, 60 S.Ct. 337, 84 L.Ed. 340 (1940); *Armstrong Paint & Varnish Works v. Nu–Enamel Corp.,* 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195, 205–206 (1938); 73 Am.Jur.2d *Statutes,* § 195 (1974); Sutherland, *Statutory Construction,* § 46.01 (4th ed. 1984); *see In re Keinath Bros. Dairy Farm,* 71 B.R. 993, 16 B.C.D. 53 (Bankr.E.D.Mich.1987).

Others have noted that by applying the plain meaning of the act in question, courts would be rendering § 523(a)(9) "useless", *In re Ganzer,* 54 B.R. at 76–77 ("If a *pre-petition* judgment determining liability to have been incurred by the debtor under such circumstances, be required, the statute is practically useless. Only in cases of legal malpractice will pre-petition judgments ever be entered. This Court will not presume Congress to have intended to sabotage its legislation and create such an absurdity."), or "ludicrous", *In re Richards,* 59 B.R. at 543 ("The Court does not believe this ludicrous result was Congressionally intended, and thus determines a

---

**2.** *In re Jackson,* 77 B.R. 120 (Bankr.N.D.Ohio 1987) seems to follow *Hudson* to a great extent.

broad construction of § 523(a)(9) is warranted to insure that debts arising out of the intoxicated use of a motor vehicle are nondischargeable in bankruptcy."). "Useless" is synonymous with "futile" and "ludicrous" is synonymous with "absurd". Because we agree that the application of the plain meaning doctrine to this act would lead to absurd or futile results, we are required to examine legislative history to assist in the interpretation of the statute. *Cf. In re Keinath Bros. Dairy Farm, supra.*

Examination of floor statements from three representatives and two senators on the same day reveal two "different" views of the soon to be enacted § 523(a)(9). Congressman Rodino, the Chairman of the House Committee on the Judiciary stated that: "[Section 523(a)(9)] clarifies present law relating to the nondischargeability of debts incurred by drunk drivers. Debts incurred by persons driving while intoxicated are presumed to be willfully and maliciously incurred under this provision." 130 Cong.Rec. H.7489 (daily ed. June 29, 1984) (statement of Rep. Rodino), *reprinted in* 1984 U.S.Code Cong. & Ad.News 576, 577. Senator Heflin stated: "there is a modified version of a bill introduced by Senator Danforth which provides that a debt incurred as a result of an accident caused by drunk driving is not dischargeable." 130 Cong. Rec. S.8887 (daily ed. June 29, 1984) (statement of Sen. Heflin), *reprinted in* 1984 U.S.Code Cong. & Ad.News 585. Congressman Moorehead said: "... title III also contains amendments to the Bankruptcy Code dealing with ... liability of drunk drivers, who have filed for bankruptcy subsequent to the automobile accident...." 130 Cong.Rec. H.7491 (daily ed. June 29, 1984) (statement of Rep. Moorehead). These statements would lend support to the idea, espoused in the popular press and even in the headlines of bankruptcy seminar materials of the day, that Congress had made "injuries caused by drunk drivers nondischargeable in bankruptcy." [3]

On the other hand, these statements from Senator Dole and Congressman Sawyer tend to support the notion that only *judgments* possessed by those who were injured by drunk drivers would be rendered nondischargeable. Senator Dole said: "... [Section 523(a)(9) provides] ... reforms in the law of bankruptcy as it treats claims against drunk drivers, to ensure that victims of the drunk driver do not have their *judgments* against the drunk driver discharged in bankruptcy ..." (emphasis added). 130 Cong.Rec. S.8890 (daily ed. June 29, 1984) (statement of Sen. Dole), *reprinted in* 1984 U.S.Code Cong. & Ad.News 587. Congressman Sawyer said: "*Judgments* against drunk drivers for personal injuries ... could be discharged in bankruptcy like any other judgment; now that is prohibited". 130 Cong.Rec. H.7492 (daily ed. June 29, 1984) (statement of Rep. Sawyer). We also note that the original bill introducing the concept of nondischargeability in this context, S.2159, 97th Cong., 2d Sess., 128 Cong.Rec. S.1400 (daily ed. March 2, 1982), introduced by Senator Danforth, contained the same restriction to judgment debts as now exists.[4] In a slightly modified version, Senator Danforth's language was later in-

---

**3.** Prior to the adoption of BAFJA, P.L. 98–353, the legislation which adopted § 523(a)(9) was part of Senator Dole's Omnibus Bankruptcy Improvements Act of 1983, which was debated in 1983. In those debates, we find these illuminating comments:

> Under existing law, a debt resulting from a tortious act is nondischargeable only if the debt is the result of a willful and malicious injury to the property or person of another. In most States, the act of the drunk driver is grounded in negligence and is thus, dischargeable. By making such debts nondischargeable, we can protect victims of the drunk driver and deter drunk driving.

129 Cong.Rec. S.5384 (April 27, 1983) (statement of Sen. Heflin). In addition, Senator Denton

inserted verbatim the comment pertaining to this provision contained in the Senate Report, which is quoted in the text. Senate Report 98–65, 98th Cong., 1st Sess. 43–44 (1983).

**4.** Senator Danforth's bill, S.2159, 97th Cong., 2d Sess. would have added a subsection (e) to § 523 as follows:

> Any injury resulting in a judgment based upon liability of the debtor where, in connection with such liability such debtor was found to have operated a motor vehicle while legally intoxicated shall be deemed to be a willful and malicious injury for purposes of subsection (a)(6) of this section.

cluded in Subtitle D of S.445, the Omnibus Bankruptcy Act of 1983 bill, which was introduced by Senator Dole. Subtitle D of that bill was finally enacted into law as part of BAFJA, P.L. 98–353. Thus, the word "judgment" in this act can be traced back to the subsection's origin in 1982.

The Report of the Committee on the Judiciary, United States Senate, on Senator Dole's Omnibus Bankruptcy Improvements Act of 1983, stated the following:

D. AMENDMENTS RELATING TO THE DISCHARGE OF DEBTS INCURRED BY PERSONS DRIVING WHILE INTOXICATED

Subtitle "D" of the Committee bill is a modified version of S.2159 (97th Congress), a bill introduced by Senator Danforth which would render debts incurred as a result of an act of drunk driving non-dischargeable in bankruptcy.

Under present law, a debt that is the result of a tortious act—such as a judgment against a debtor as the result of an automobile accident—is non-dischargeable only if the debt is the result of a "willful and malicious injury" to the property or person of another.

In most states, an injury resulting from an act of drunk driving will support a finding only of negligence on the part of the driver. Thus, more often than not, the debt is discharged—unless the bankruptcy court finds that the act of drunk driving was a willful and malicious act by the nature of the circumstances surrounding it.

The bill will help deter drunk driving, and protect victims of the drunk driver, by making such debts non-dischargeable in bankruptcy. Where a debt was incurred by the debtor *as a result of an act of drunk driving,* that debt will not be dischargeable regardless of any court finding that willful, wanton, or reckless behaviour was or was not involved. (Emphasis added).

Senate Report No. 98–65, 98th Cong., 1st Sess. 43–44 (1983). What deterrent effect does a law aimed at deterring drunk driving have if it would still allow the drunk driver who injures others as a result of such conduct to discharge his civil liability by winning a race to the courthouse? The Senate Report used the word "judgment" as only one type of "debt" which was then nondischargeable.[5] It explained that the purpose of the bill was to make any "debt" incurred "as a result of an *act* of drunk driving" exempt from discharge without the need for showing willfulness or malice.

Finally, for whatever it is worth, Subtitle D of title III of BAFJA is entitled "Amendment to Title II, Section 523 Relating to the Discharge of Debts Incurred by Persons Driving While Intoxicated"—not "Discharge of *Judgment* Debts."

■ The intent of Congress seems to us most likely to have been that the *debts of,* and not merely the *judgments against,* drunk drivers were henceforth to be exempt from discharge in the driver's Chapter 7 bankruptcy. Examination of the floor statements and Senate Report leads us to believe that implementing § 523(a)(9) as written leads to an absurd result. It is this Court's opinion that notwithstanding the fact that the plaintiffs did not reduce their claim against the debtor for injuries sustained as a result of his driving while intoxicated to judgment before he filed bankruptcy, the claim for injuries is nondischargeable under § 523(a)(9).[6] The amount

**5.** President Reagan also had this to say about the enactment of § 523(a)(9):

I note with special pleasure a provision of H.R. 5174 that would prohibit a debt incurred as a result of drunk driving—where a drunk driver is successfully sued for causing an automobile accident, *for example*—from being discharged in bankruptcy. This proposal is one of many made last year by the Presidential Commission on Drunk Driving and complements a number of other initiatives that my administration has undertaken in this important area. I am hopeful that it will act

as an additional incentive in keeping drunk drivers off our nation's roads.

20 Weekly Comp.Pres.Doc. 1010–1011 (July 16, 1984) (emphasis added).

**6.** The plaintiffs also suggested that § 523(c) provides a way around the apparent import of § 523(a)(9). Section 523(c) says:

Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in (2), (4) or (6) of subsection (a) of this section, unless on the request of the creditor to whom such debt

of that claim may be determined in the state court litigation. An order consistent with this opinion will be entered forthwith.

On September 4, 1986, defendant/appellee First of America Bank—Michigan, N.A. is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4) or (6), as the case may be, of subsection (a) of this section.

Bankruptcy Rule 4007(b) states that a complaint other than under § 523(c) may be filed at any time. The Advisory Committee Note to Rule 4007 states that "subsection (b) does not contain a time limit for filing a complaint to determine the dischargeability of a type of debt listed as nondischargeable under § 523(a)(1), (3), (5), (7), (8) or (9). Jurisdiction over this issue on these debts is held concurrently by the bankruptcy court and any appropriate non-bankruptcy forum." The state court judge is empowered to determine the dischargeability of these types of debts. However, when the judge looks to § 523(a)(9) to determine whether the debt is dischargeable, he would face the same statutory language, i.e., the apparent requirement that a judgment or consent decree be entered in a court of record against the debtor as a result of driving while intoxicated. The state judge would be bound by the same restrictions that bind the bankruptcy judge.