**In the Matter of Rodney K. SELIN, a/k/a Rodney Kermit Selin and Judith M. Selin, Debtors.**

**DEAN HEALTH PLAN, d/b/a Deancare HMO, Plaintiff,**

v.

**Rodney K. SELIN and Judith M. Selin, Defendants.**

**Anthony R. JOHNSON, Plaintiff,**

v.

**Rodney K. SELIN and Judith M. Selin, Defendants.**

**Adv. Nos. 89–0070–7, 89–0071–7.**

United States Bankruptcy Court, W.D. Wisconsin.

Aug. 15, 1989.

Janet E. Haakenson, Janesville, Wis., for Anthony Johnson.

Guy K. Fish, Milton, Wis., for defendants.

Michael B. Van Sicklen, Madison, Wis., for Dean Health Plan.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Chief Judge.

The material facts are not in dispute. Rodney and Judith Selin filed a joint petition for relief under chapter 7 of the Bankruptcy Code on January 17, 1989. At that time a civil action action commenced by

Anthony Johnson against Mr. Selin was pending in the Rock County Circuit Court.[1] The action arose from Mr. Selin's alleged negligent operation of his automobile while under the influence of alcohol. Neither a judgment nor a consent decree had been entered in the case at the time the bankruptcy petition was filed.

On April 3rd and 5th, respectively, Mr. Johnson and his health insurer, Dean Health Plan, filed complaints against Mr. Selin in this court, seeking to have the debts incurred as a result of Mr. Selin's operation of his vehicle while allegedly under the influence of alcohol declared nondischargeable under section 523(a)(9).[2] Concurrently, Mr. Johnson filed a motion for relief from stay to continue his state court action. This court granted Mr. Johnson's motion on May 30, 1989.

Mr. Selin has filed a motion for summary judgment, seeking dismissal of the Plaintiffs' complaints. *See* FRCP 56(b); *id.* 41(b). In response, Dean Health Plan filed a motion for summary judgment declaring nondischargeable any claim reduced to judgment determined by the state court to have arisen out of Mr. Selin's operation of his motor vehicle while legally intoxicated. *See* FRCP 56(c). Mr. Johnson has filed an affidavit and brief in opposition to Mr. Selin's motion. *See* FRCP 56(c). None of the parties have suggested that there are any genuine issues of material fact. *Id.*

The parties agree that the sole issue before the court is whether a claim arising from the debtor's operation of a motor vehicle while legally intoxicated must be reduced to a judgment or a consent decree prior to the date the debtor files bankruptcy for section 523(a)(9) to apply. That section excepts from discharge any debt

> to any entity, to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred.

The parties have cited the same cases and are in accord as to the prevailing state of the law on this question, *viz,* that every reported decision, with the exception of a case reversed on appeal, supports the denial of the Defendant's motion. *See, e.g., Stackhouse v. Hudson (In re Hudson),* 859 F.2d 1418 (9th Cir.1988), *rev'g* 73 B.R. 649 (9th Cir. BAP 1987); *Young v. Rose (In re Rose),* 86 B.R. 86 (Bankr.E.D.Mich.1988); *Allstate Insurance Co. v. Smith (In re Smith),* 83 B.R. 433 (Bankr.E.D.Mich.1988); *American Family Mutual Insurance Co. v. Anderson (In re Anderson),* 74 B.R. 463 (Bankr.E.D.Wis.1987). Since the parties briefed the issue, Judge James for the Bankruptcy Court in the Northern District of Illinois has added his voice to the chorus singing the Plaintiffs' tune. *See Burch v. Tyler (In re Tyler),* 98 B.R. 396 (Bankr.N.D.Ill.1989). Nevertheless, in the midst of this veritable monophony of judicial interpretation, the Defendant urges this court to hold that a judgment or consent decree must be entered before the bankruptcy petition is filed.

The Defendant's primary argument is that the phrase "a judgment ... entered in a court" plainly requires that the judgment or consent decree be entered before the filing of the bankruptcy petition. Some courts have conceded that the statute's meaning is "plain," but have avoided the result that follows by relying on "legislative intent." *See, e.g., Searight v. Thomas (In re Thomas),* 51 B.R. 187, 188–89 (Bankr.E.D.Va.1985). Judge Easterbrook recently held forth on the impropriety of such an approach to statutory construction, stating that courts legitimately consider legislative intent only to determine the meaning of the statutory language, not to

---

**1.** *Anthony R. Johnson v. Rodney Kermit Selin, Badger Mutual Insurance Company, and Dean Health Plan, Inc. d/b/a DeanCare HMO* (Case No. 87 CV 881), pending in Rock County Circuit Court, Branch II, Janesville, Wisconsin.

**2.** These adversary proceedings were consolidated by court order on May 30, 1988.

override it. *See In re Sinclair*, 870 F.2d 1340, 1344 (7th Cir.1989) ("legislative intent is a vital source of meaning even though it does not trump the text").

Because I do not think the statute's meaning is as crystalline as the Defendant contends, I think it is possible to reach the same result as have other courts without violating the principles enunciated in *Sinclair*. In *Hudson*, the case which seems best to articulate the proper approach, the majority found the statute's meaning clear to the extent that it requires that a claim must be reduced to a judgment or a consent decree before it can be excepted from discharge. *See Hudson*, 859 F.2d at 1419. The court did not, however, find that the statute unambiguously answered the question of when that judgment must be rendered. *See id.* at 1420. The court then reviewed the legislative history to elucidate the ambiguous statutory language. *See id.*

Like the majority in *Hudson*, I am not convinced that the statute unambiguously requires a prepetition judgment or consent decree. First, the language of section 523(a)(9) is open to varying interpretations. The phrase "a judgment or consent decree entered in a court of record" could refer, with equal plausibility, to either a pre- or postpetition event. It must be admitted that the use of the past perfect verb tense later in the section—"liability was incurred"—suggests that the statute contemplates the entry of a judgment or consent decree sometime prior to the dischargeability proceeding. On the other hand, as Judge James reasoned, if "a court of record" is construed to include the bankruptcy courts, the statute must encompass judgments entered postpetition. *See Tyler*, 98 B.R. at 398. *See also* Robert E. Ginsberg, 1 *Bankruptcy* § 11,309 at 11,052 (2d ed 1988).

Second, the statutory scheme does not dictate the Defendant's construction. The exceptions to discharge set out in section 523 are for certain types of "debts." The Bankruptcy Code defines a "debt" as a liability on a "claim," while a "claim" is defined as "a right to payment, *whether or not such right is reduced to judgment,*

liquidated, fixed, contingent, matured, unmatured, disputed, legal, equitable, secured, or unsecured." 11 U.S.C. §§ 101(11), (4)(A) (1982 & Supp IV) (emphasis supplied). I find nothing in this statutory scheme that limits section 523(a)'s application to prepetition debts, much less to prepetition judgments fixing or liquidating a debt.

Section 523, however, is only significant in Chapter 7 cases when read in conjunction with section 727(b), which provides in part:

> Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter
> ...

The Defendant argues, relying upon the dissent in *Hudson*, that section 727(b) means that the status of the debt at the time of filing is controlling under section 523(a). *See Hudson*, 859 F.2d at 1425–26 (Wiggins, J., dissenting). While section 727(b) makes the timing of the incurrence of the debt significant, I do not read that section as speaking in any way to when the conditions that section 523(a) imposes for nondischargeability must be satisfied.

If it is found that the language of section 523(a)(9) read in the context of the statutory scheme does not yield an unambiguous answer to the question before the court, recourse to legislative history is not improper to discern the statute's proper meaning. *See Sinclair*, 870 F.2d at 1344 ("doubt about the meaning of a term found in a statute could well be resolved by harmonizing that provision with the structure of the rest of the law, understood in light of a contemporaneous explanation"). The near unanimous judicial reading of the legislative history supports the Plaintiffs' interpretation of the statutory language. *See, e.g., Tyler*, 99 B.R. at 396–99. It would be no usurpation of the role of Congress to hold, in light of the legislative history, that the statute means what the Plaintiffs, rather than the Defendant, say it does.

The Defendant's final argument is that the exception to discharge must be strictly

construed in favor of the debtor. While this may be so, *see, e.g., Gleason v. Thaw,* 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915), "[a] canon of interpretation adjuring strictness is not, however, a justification for abandoning good sense." *In re Klapp,* 706 F.2d 998, 999 (9th Cir. 1983). That is to say, a statute should not be construed so as to render it "absurd or inconsistent with the structure of remaining provisions." *In re Sinclair,* 870 F.2d at 1344. To adopt the Defendant's construction would sanction an "unseemly race to the court between injured plaintiffs and drunkdriving defendants wherein the plaintiffs attempt to obtain their judgment or consent decrees prior to the filing of the defendant's bankruptcy petition." *Rose,* 86 B.R. at 89. *But see Hudson,* 859 F.2d at 1427 (Wiggins, J., dissenting) (noting that the "race" would exist in chapter 13 in any event, as a defendant would seek to file a bankruptcy petition prior to the entry of a judgment to get under debt limitations on eligibility).

The Defendant's construction would also render the statute "practically useless," as only in the small minority of cases (perhaps where the defendant believes she has a meritorious defense) would a defendant delay filing a bankruptcy petition until after the entry of a judgment or consent decree on the drunkdriving claim. *See Thomas v. Ganzer (In re Ganzer),* 54 B.R. 75, 76–77 (Bankr.D.Minn.1985). *But see Hudson,* 859 F.2d at 1426–27 (Wiggins, J., dissenting) (citing numerous cases finding debts arising out of prepetition judgments nondischargeable under section 523(a)(9)). It is arguable, then, that even if the statutory language is as "plain" as Defendant urges, it "lead[s] to absurd or wholly impracticable consequences." *Caminetti v. U.S.,* 242 U.S. 470, 490, 37 S.Ct. 192, 196, 61 L.Ed. 442 (1917) (*quoted in Sinclair,* 870 F.2d at 1344). As such, that superficially "plain" meaning cannot be the meaning Congress ascribed to its legislation.

---

3. FRCP 42(a) grants the court authority to extend the summary judgment order to include Mr. Johnson's claim, even though he has not moved for such relief. *See* FRCP 42(b) (the court "may make such orders concerning proceedings [in the consolidated action] as may to tend to avoid unnecessary costs or delay.").

In sum, the language of section 523(a)(9) does not compel the conclusion the Defendant urges. Given the ambiguity in the statute and the clarity of contemporaneous legislative explanation, this court does not exceed the width of its turf, *Barnette v. Evans,* 673 F.2d 1250, 1253 (11th Cir.1982), by adopting the Plaintiffs' construction. Summary judgment will be ordered for the Plaintiffs [3].

### ORDER

The court having this day entered its memorandum decision in the above-entitled matter,

IT IS HEREBY ORDERED that the summary judgment motion of Rodney K. Selin is denied;

IT IS FURTHER ORDERED that the summary judgment motion of Dean Health Plan is granted and extended by FRCP 42 to include Anthony R. Johnson.

---

Both Plaintiffs present identical claims under section 523(a)(9). Summary judgment with respect to one plaintiff is, therefore, effectively summary judgment with respect to the other. Including Mr. Johnson in the judgment and order would seem the most expedient method of resolving both adversary proceedings.