**In re Tom HODAK, Debtor.**

**Edward J. KONIECZKA and Margaret T. Konieczka, his wife, Administrators of the Estate of Stella Michelle Konieczka, deceased, and individuals in their own right, Plaintiffs,**

**v.**

**Tom HODAK, Defendant.**

**Bankruptcy No. 89–0915.**

**Adv. No. 89–0253.**

United States Bankruptcy Court, W.D. Pennsylvania.

Oct. 16, 1990.

Michael Balzarini, Balzarini, Carey & Watson, Pittsburgh, Pa., for plaintiffs.

Michael P. Schaefer, Bethel Park, Pa., for defendant/debtor.

Gary L. Smith, Pittsburgh, Pa., Chapter 7 Trustee.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Plaintiffs Edward J. and Margaret T. Konieczka ("plaintiffs") seek in this adversary action to have a debt owed to them by defendant Tom Hodak ("Debtor") declared nondischargeable pursuant to 11 U.S.C. § 523(a)(9). They allege that the debt arises from a judgment entered in state court wherein liability was incurred by Debtor as a result of his operation of a motor vehicle while he was legally intoxicated pursuant to the laws of Pennsylvania.

Debtor maintains that plaintiffs are not entitled to pursue this action because the judgment in question was not entered until after he had filed his bankruptcy petition. He also denies that the injury which gave rise to the debt was in fact caused by his intoxicated condition at the time of the accident.

The parties agree that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 157(b)(1) and that venue is proper in the United States Bankruptcy Court for the Western District of Pennsylvania.

In accordance with the analysis set forth below, judgment will be entered for plaintiffs and the debt owed to them by Debtor will be declared nondischargeable pursuant to 11 U.S.C. § 523(a)(9).

## I

## FACTS

The following facts are largely undisputed.

Plaintiffs are administrators of the estate of their daughter, Stella Michelle Konieczka, who suffered fatal injuries on April 9, 1983, in Butler County, Pennsylvania, when a motor vehicle in which she was a passenger was struck by a motor vehicle operated by Debtor. Criminal charges arising out of the collision were filed against Debtor on April 15, 1983.

On April 27, 1983, plaintiffs brought a wrongful death and survival action against Debtor in the Court of Common Pleas of Butler County, Pennsylvania, on behalf of the estate of their daughter and themselves.

On September 23, 1983, Debtor was tried and found guilty by a jury of operating a motor vehicle while the amount of alcohol in his blood by weight was 0.10% or greater, in violation of 75 Pa.C.S.A. § 3731(a)(4). He also was found guilty of homicide by vehicle, in violation of 75 Pa.C.S.A. § 3732.

Debtor was sentenced on December 1, 1983 for his conviction on the charge of homicide by vehicle to a term of imprisonment of 11½ to 23 months, fined $2,500.00, and placed on probation for a period of one (1) year upon his release. He also was sentenced to a term of imprisonment of thirty (30) days and fined $300.00 for his conviction on the charge of operating a motor vehicle while under the influence of alcohol. Debtor was incarcerated at the State Correctional Institution at Greensburg, Pennsylvania, until his release on November 1, 1984.

Plaintiffs made several attempts to make service upon Debtor during his incarceration. For reasons unknown, those attempts were unsuccessful. Successful service finally was made upon Debtor at his place of residence on November 29, 1984. Debtor never responded after service was made upon him. Nothing further happened regarding the wrongful death and survival action until approximately 4½ years later.

On April 9, 1989, Debtor filed a voluntary chapter 7 petition in this court. Debtor sought a discharge of any possible liability to plaintiffs, who were listed as Debtor's sole creditors, in connection with the death of their daughter.

Plaintiffs requested and were granted relief from automatic stay on June 20, 1989 in order to proceed with their action against Debtor in state court.

Default judgment was entered against Debtor on June 23, 1989 in the Court of Common Pleas of Butler County, Pennsylvania, in the wrongful death and survival action. Plaintiffs' claim to date remains unliquidated. The amount of damages to be awarded will be determined at a later time by the Court of Common Pleas.

The present adversary action was commenced by plaintiffs on July 25, 1989.

II

ANALYSIS

A discharge granted under section 727 of the Bankruptcy Code does *not* discharge an individual from any debt:

... to the extent that such debt arises from a judgment or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred.

11 U.S.C. § 523(a)(9).

Section 523(a)(9) is to be broadly construed in order to effectuate its legislative intent and underlying policy. *In re Scholz,* 111 B.R. 651, 652 (Bankr.N.D.Ohio 1990). Congress sought three objectives when it enacted § 523(a)(9), to-wit:

(1) to deter drunk driving;

(2) to ensure that those who cause injury by driving while intoxicated do not escape civil liability through bankruptcy laws; and

(3) to protect victims of drunk driving.

*In re Hudson,* 859 F.2d 1418, 1423 (9th Cir.1988).

As has been noted, although plaintiffs commenced their state court action against Debtor approximately six (6) years *prior* to the time when he filed his bankruptcy petition, judgment against Debtor was not entered until some sixteen (16) or seventeen (17) months *after* the petition was filed.

Debtor's contention that one must obtain a judgment prior to the filing of a bankruptcy petition in order to obtain relief under § 523(a)(9) is without merit. Every reported decision known to this Court, with the exception of one case subsequently reversed on appeal, has held that a judgment or consent decree need not have been entered prior to the filing of the bankruptcy petition in order for § 523(a)(9) to be operative. *See,* e.g., *In re Hudson,* 859 F.2d 1418 (9th Cir.1988), *rev'g* 73 B.R. 649 (9th Cir. BAP 1987); *Matter of Selin,* 104 B.R. 98 (Bankr.W.D.Wis.1989); *In re Tyler,* 98 B.R. 396 (Bankr.N.D.Ill.1989); *In re Rose,* 86 B.R. 86 (Bankr.E.D.Mich.1988); *In re Anderson,* 74 B.R. 463 (Bankr.E.D.Wis. 1987). As Debtor has not provided any persuasive reason why this court should take a contrary position, and as this Court concurs with the reasoning of the above cases, we hold that plaintiffs' failure to obtain a judgment against Debtor prior to his bankruptcy filing presents no impediment to their action.

Additionally, the fact that plaintiffs waited a substantial period of time from commencement of their state court action before obtaining a default judgment presents no obstacle in this adversary proceeding. Clearly the Court does not wish to encourage such delays; however, Debtor has not pointed to any prejudice and/or reason why this time gap should affect the outcome of this adversary proceeding.

The essential elements of § 523(a)(9) are as follows:

(1) the debt in question arose from a judgment or consent decree entered in a court of record as a result of debtor's operation of a motor vehicle; and

(2) debtor operated said vehicle while legally intoxicated under the laws of the jurisdiction in which the vehicle was operated and within which liability was incurred.

*See Whitson v. Middleton,* 898 F.2d 950, 953 (4th Cir.1990) (citations omitted).

Both of these essential elements have been overwhelmingly established in this case.

It is undisputed that the debt at issue here arose from a judgment entered by a court of record on June 23, 1989, and that it was entered as a result of Debtor's operation of a motor vehicle which resulted in the death of Stella Michelle Konieczka on April 19, 1983.

Section 523(a)(9) does *not* require a determination *by the court which entered the judgment* that liability was incurred "as a result of "the operation of the motor vehicle while intoxicated. *In re Middleton,* 100 B.R. 814, 816 (Bankr.E.D.Va. 1988). The section merely requires that a *bankruptcy court* find that a judgment or consent decree caused a debt or liability "as a result of 'his intoxicated use of a motor vehicle'". *In re Pahule,* 78 B.R. 210, 212 (Bankr.E.D.Wis.1987), *aff'd* 849 F.2d 1056 (7th Cir.1988). This court may, when making such a determination, either consider evidence submitted to it directly or rely on the doctrines of *res judicata* or collateral estoppel. *In re Tyler,* 98 B.R. at 398.

The evidence clearly establishes that Debtor operated a motor vehicle which was involved in the collision that killed Stella Michelle Konieczka while he was legally intoxicated under the laws of Pennsylvania. Debtor was tried and convicted by a jury of operating a motor vehicle while he was under the influence of alcohol, in violation of 75 Pa.C.S.A. § 3731(a)(4).

Debtor, while apparently conceding that the debt in question arose as a result of his operating a motor vehicle while legally intoxicated, *denies* that the collision was "caused" by his intoxicated condition. This contention is unavailing for several reasons.

To begin with, Debtor has failed to persuade this court that a determination that his intoxicated condition was "the cause" of the injury which gave rise to the debt must be made before he can be denied a discharge of that debt under § 523(a)(9). Nothing in the legislative history would suggest that Congress so intended.

In addition, even if such a determination were required, there is little doubt that the debt incurred by Debtor was "caused by" his severe intoxication. According to Debtor's testimony, he had been drinking alcohol approximately two (2) hours prior to the accident and had last eaten some six (6) hours prior to the accident. Debtor was convicted by the court of the summary offense of failing to stop for a steady red signal at the intersection where the collision took place, in violation of 75 Pa.C.S.A. § 3112(a)(3). There was credible testimony that Debtor, whose person and vehicle reeked of the smell of alcohol after the accident, had a clear view of the intersection at which the accident occurred from a distance of nearly four-tenths ($\frac{4}{10}$ths) of a mile and yet failed to apply his brakes before the collision. Debtor's uncorroborated testimony relating to the quantity of alcohol consumed and the time frame thereof lacks credibility and flies in the face of well known physical theories. Simply stated, Debtor must have had substantially more to drink prior to operation of his car in order to operate same as he did and to register in excess of .10% on the breathalizer. The inescapable conclusion is that Debtor failed to stop for the red light and collided with the other vehicle because he was severely inebriated.

It follows from the foregoing that the debt owed to plaintiffs by Debtor is not dischargeable pursuant to 11 U.S.C. § 523(a)(9).

An appropriate Order will be issued.