**In re David Scott MAHLMAN, Debtor.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff,**

v.

**David Scott MAHLMAN, Defendant.**

**Bankruptcy No. 1–91–05342.**
**Adv. No. 1–91–0256.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Feb. 6, 1992.

Stuart Tobin, Cincinnati, Ohio, for plaintiff.

George S. Maley, Cincinnati, Ohio, for defendant.

Charles Caldwell, Asst. U.S. Trustee, Cincinnati, Ohio.

## DECISION and ORDER ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

BURTON PERLMAN, Chief Judge.

This adversary proceeding originated as a complaint by State Farm Mutual Automobile Insurance Company ("plaintiff") to determine the dischargeability of a debt pursuant to §§ 523(a)(6) and (a)(9) of the Code. This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding arising under 28 U.S.C. §§ 157(b)(2)(A) and (B).

Plaintiff filed a complaint against debtor David Scott Mahlman ("defendant"), alleging that plaintiff's insured, Judith Renton, suffered personal injury and property damage as a result of a collision with defendant. The complaint also alleges that defendant was intoxicated at the time the accident occurred on December 17, 1987. At the time of the accident, defendant was uninsured. Plaintiff paid Renton $1,738.38 for property damage and $4,000.00 for personal injury under the insurance policy's uninsured motorist provision. Having paid Renton's claim, plaintiff became subrogated to her claim against defendant.

In August, 1988, defendant made an oral promise to pay the debt by making payments of $50.00 per month. Defendant duly made these monthly payments until June 19, 1991. The balance remaining at this time, including court costs, is $4,029.88. In his answer, defendant admits to the settlement with Renton, the agreement to pay plaintiff, and the amount paid. Defendant filed a chapter 7 petition on September 4, 1991, scheduling plaintiff as a creditor.

Now before the court is defendant's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure (F.R.Civ.P.) 12(c), made applicable in bankruptcy by Bankruptcy Rule (B.R.) 7012(b). In his motion, defendant does not deny the allegation that he was intoxicated when the accident occurred. Defendant nevertheless argues that the statute of limitations for personal injury and property damages actions, Ohio Revised Code (O.R.C.) § 2305.-10, has expired because no complaint for personal injury or property loss was filed within the two-year limitation period. Defendant further implies that if this court characterizes the agreement to pay plaintiff as a contract, § 523 would not apply and the debt would therefore be dischargeable pursuant to § 727 of the Code. Finally, defendant asserts that even if his debt to plaintiff is held non-dischargeable, the portion of the remaining balance he owes plaintiff pertaining to property damage is dischargeable because § 523(a)(9) pertains solely to personal injury damages.

Plaintiff, on the other hand, argues that the two-year limitation period for tort claims is inapplicable here, since there was an oral agreement between plaintiff and defendant, the limitation period for which is six years, pursuant to O.R.C. § 2305.07. Plaintiff further argues that § 523 bars a discharge for any debt for personal injury caused by defendant's unlawful driving while intoxicated, and that the term "debt" broadly encompasses any type of legal action so long as it arises from defendant's driving while intoxicated. Plaintiff asserts that the allegation that defendant was intoxicated when the accident occurred must be taken as correct under F.R.Civ.P. 12(c), and that the debt is therefore non-dischargeable under § 523(a)(9).

In determining whether defendant's debt can be discharged, we first must determine whether plaintiff has met the elements for non-dischargeability of a debt under § 523(a)(9). This section excepts from discharge any debt "for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another sub-

stance." As originally enacted in 1984, § 523(a)(9) excepted drunk driving debts from discharge to the extent those debts arose from a judgment or consent decree entered against the debtor with respect to debtor's operation of a motor vehicle while legally intoxicated. *Bankruptcy Service, Lawyer's Edition, Code Commentary and Analysis*, § 22:87.5 (Supp.1991). Section 523(a)(9), which was amended effective November 15, 1990, no longer includes the requirement of a judgment or consent decree and limits non-dischargeability to debts for death or personal injury.

Defendant's motion for judgment on the pleadings brings into play F.R.Civ.P. 12(c). That Rule provides that all well-pleaded material allegations by the non-movant are taken as true and allegations of the moving party which have been denied are to be regarded as false. 2A *James W. Moore et al., Moore's Federal Practice* para. 12.15, at 12–106 (ed. 1991). *See also Santiago de Castro v. Morales–Medina*, 943 F.2d 129, 130 (1st Cir.1991). The allegation by plaintiff, the non-movant, that defendant was intoxicated at the time of the accident, is therefore deemed true.

■ We next must determine whether plaintiff is time-barred from bringing this action. Section 523 does not contain an internal statute of limitation. It is well-established that where the Bankruptcy Code is silent and no uniform bankruptcy law is required, non-bankruptcy law governs the rights of the parties. *See Butner v. U.S.*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979) (property interests created, defined and analyzed under state law in bankruptcy proceeding). Further, bankruptcy courts have held that state statutes of limitation apply in § 523 proceedings. *See In re McKay*, 110 B.R. 764, 767 (Bankr.W.D.Pa.1990) (applying Pennsylvania statute of limitations law); *In re Pascucci*, 90 B.R. 438, 442 (Bankr.C.D.Cal. 1988) (applying California statute of limitations law). Thus, Ohio statute of limitations law governs this proceeding. Where defendant argues that the Ohio two-year limitation period for personal injury ap-

plies, plaintiff urges that the six-year limitation period for contracts applies.

We hold that plaintiff's action is essentially one for breach of contract, and the six-year limitation period of O.R.C. § 2305.07 governs. *See American Insur. Group v. McCowin,* 7 Ohio App.2d 62, 218 N.E.2d 746, 750 (1966) (applying six-year statute of limitations where insurer-subrogee sought reimbursement from employee after having paid damages to injured third party).

While state statute of limitations law applies because of § 523's lack of an internal limitations period, substantive dischargeability law is dealt with squarely in § 523. Section 523 precludes a discharge from "any debt" arising from any of its specific sub-provisions which follow, including personal injury caused by a debtor's operation of a motor vehicle while intoxicated pursuant to § 523(a)(9). Plaintiff argues that "any debt" can include one sounding in contract as well as one based on a tort claim. We agree. A broad construction of the term "debt" is consistent with the broad definition of that term found in the Code. Section 101(12) of the Code defines "debt" as "liability on a claim", and § 101(5)(A) broadly defines a "claim" as:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured[.]

The United States Supreme Court recently observed that an expansive interpretation of a "claim" was consistent with the legislative history, and that the meanings of "debt" and "claim" were intended to be read co-extensively. *Johnson v. Home State Bank,* — U.S. —, 111 S.Ct. 2150, 2154 n. 5, 2155, 115 L.Ed.2d 66 (1991). The *Johnson* Court further determined that a claim was "nothing more nor less than an enforceable obligation, regardless of the objectives ... to [be] serve[d] in imposing the obligation." *Id.* at 2154 (quoting *Pennsylvania Dept. of Public Welfare v. Davenport,* 495 U.S. 552, 110 S.Ct. 2126, 2131, 109 L.Ed.2d 588 (1990)). *See also First Federal of Michigan v. Barrow,* 878 F.2d 912, 917 (6th Cir.1989) (legislative history indicates Congress' intent to provide broadest possible definition of "claim"). We therefore hold that plaintiff's contract right of action arising from injury caused by defendant while intoxicated is not dischargeable, pursuant to § 523(a)(9).

This holding is in harmony with the Congress' objectives in enacting § 523(a)(9). In enacting that section, Congress sought to:

(a) deter drunk driving;

(b) ensure that those who cause injury while driving while intoxicated do not escape civil liability through bankruptcy laws; and

(c) protect victims of drunk driving.

*In re Hudson,* 859 F.2d 1418, 1423 (9th Cir.1988); *In re Hodak,* 119 B.R. 516, 519 (Bankr.W.D.Pa.1990). *See also In re Scholz,* 111 B.R. 651, 653 (Bankr.N.D.Ohio 1990) (§ 523(a)(9) should be construed broadly to effectuate legislative intent and policy). Moreover, to discharge defendant's debt based on his oral agreement to pay plaintiff would discourage insurers from settling claims to which they subrogate.

Finally, in his motion, defendant argues that plaintiff is not in any case entitled to a holding that damages for injury to property are non-dischargeable. Since we are dealing with a motion for judgment on the pleadings, and this issue is not raised in the pleadings, it is outside the scope of our present consideration. We note, however, that plaintiff concedes that the issue "could be relevant to the issue of damages."

So Ordered.