**In re Deryl Wayne PEPPERS, Debtor.**

**KENTUCKY FARM BUREAU MUTUAL INSURANCE CO., Plaintiff,**

v.

**Deryl Wayne PEPPERS, a/k/a Terrell Wayne Peppers, Defendant.**

**Bankruptcy No. 96–5082(2)7.
Adversary No. 965001.**

United States Bankruptcy Court,
W.D. Kentucky.

Oct. 30, 1996.

Robert Manchester, Paducah, KY, for Debtor/Defendant.

Michael Moore, Paducah, KY.

### MEMORANDUM–OPINION

J. WENDELL ROBERTS, Bankruptcy Judge.

This matter is before this Court on the Motion of Plaintiff, Kentucky Farm Bureau Mutual Insurance Company ("Kentucky Farm Bureau"), for Summary Judgment and the Cross-Motion of Defendant/Debtor, Deryl Wayne Peppers ("Debtor"), for Summary Judgment. Kentucky Farm Bureau filed this Adversary Proceeding, seeking a determination that its claim against Debtor is nondischargeable pursuant to 11 U.S.C. § 523(a)(9). Debtor does not dispute that he caused an injury to another by his unlawful operation of a motor vehicle while intoxicated, but rather argues that § 523(a)(9) applies only to claims held by the victims of such an injury. Kentucky Farm Bureau acquired its claim by way of subrogation. Thus, Debtor

argues, because the claim is in the nature of a subrogation claim and not held by the actual victim of the accident, the claim falls outside the scope of § 523(a)(9) and is, consequently, dischargeable through his bankruptcy proceeding.

The Debtor furthermore argues that Kentucky Farm Bureau's claim includes not only personal injury damages, which are specifically nondischargeable under § 523(a)(9) when that section applies, but also property damages which are not included within the scope of § 523(a)(9).

This Court, having thoroughly reviewed and considered the briefs filed by both parties, as well as the entire file, and having conducted its own independent research, rejects Debtor's argument that § 523(a)(9) applies only to claims held by the actual victims of drunken driving accidents. This Court also finds, however, that a portion of Kentucky Farm Bureau's claim, $10,065.00, is for property damage, which Debtor is correct in arguing is not within the scope of § 523(a)(9).

Accordingly, Kentucky Farm Bureau's Motion for Summary Judgment is sustained as it applies to the portion of its claim for personal injury damages in the amount of $95,346.99, and is overruled to the extent that its claim represents property damages, in the amount of $10,065.00. Likewise, Debtor's Cross-Motion for Summary Judgment is sustained as it applies to the property damages element of Kentucky Farm Bureau's claim, and is overruled as it applies to the personal injury portion of the claim. The effect of this ruling is that Kentucky Farm Bureau's claim is nondischargeable under § 523(a)(9) to the extent it is for personal injury damages, an amount of $95,346.99, and is dischargeable to the extent it is for property damages, an amount of $10,065.00.

## FACTS

There is no dispute with regard to the facts of this case, the Debtor having adopted the recitation of facts set forth in Kentucky Farm Bureau's Memorandum in Support of its Motion for Summary Judgment (Debtor's Response to Motion for Summary Judgment, at p. 1).

Kentucky Farm Bureau's claim arose out of an automobile accident caused by Debtor while unlawfully operating his automobile while intoxicated. On January 8, 1993, Debtor operated his automobile in a negligent manner, causing it to strike the vehicle driven by Jesse Tyner and occupied by Rebecca Ann Tyner. The Uniform Citation issued by the Livingston County Sheriffs Department indicates that Debtor was on the wrong side of the roadway when the accident occurred. Debtor, furthermore, signed an Admission of Total Fault admitting that he was totally at fault in causing the accident.

At the time of the accident, Debtor was legally intoxicated with a blood alcohol level of 0.139. Kentucky Revised Statute 189A.010 states that "no person shall operate or be in physical control of a motor vehicle anywhere in this state while the alcohol concentration in his blood or breath is 0.10 or more ... or while under the influence of alcohol." Consequently, Debtor thereafter entered a DUI[1] guilty plea in connection with the accident. Thus, it is undisputed that Debtor was unlawfully operating his automobile while intoxicated from using alcohol at the time of the accident.

As a result of the accident, both Jesse and Rebecca Ann Tyner sustained personal injuries requiring medical attention. In addition, the vehicle in which they were riding sustained substantial damage. Debtor was uninsured at the time of the accident. Nevertheless, the Tyners had uninsured motorist coverage provided by their own automobile insurance provider, Kentucky Farm Bureau, the Plaintiff in this action.

Following the accident, the Tyners filed a civil lawsuit in Livingston Circuit Court, naming both Debtor and Kentucky Farm Bureau as Defendants. The Tyners sought by that lawsuit to recover damages for past and future medical expenses, past and future pain and suffering, as well as property damages sustained by their vehicle. The claim against Kentucky Farm Bureau was asserted pursuant to the Tyners' uninsured motorist

1. "Driving While Intoxicated."

coverage, and Kentucky Farm Bureau asserted a Cross-Claim against Debtor for all payments made to or on behalf of the Tyners.

The Tyners civil action was tried before a Livingston County jury on October 31, 1994, which returned a verdict in favor of the Tyners. In accordance with the jury verdict, the Livingston Circuit Court on November 3, 1994, entered a Judgment jointly against Debtor and Kentucky Farm Bureau in the amount of $116,000.00 plus interest at the rate of twelve percent (12%) per annum.

Following the entry of the Livingston Circuit Court Judgment, Kentucky Farm Bureau settled all claims against it and paid $90,000.00 to the Tyners for personal injuries suffered in the accident, $5,346.99 for medical expenses incurred by the Tyners as a result of the personal injuries and $10,065.00 for the property damages sustained by their automobile. Kentucky Farm Bureau, as subrogee of Jesse and Rebecca Ann Tyner, obtained judgments against Debtor for the payments made to the Tyners, totaling $105,411.99 plus interest at the legal rate of twelve percent (12%) per annum from the date of the entry of the judgments until paid.[2]

Debtor filed for bankruptcy on February 8, 1996, seeking a discharge of the debt owed to Kentucky Farm Bureau. Thereafter, Kentucky Farm Bureau filed this Adversary Proceeding objecting to the discharge on the basis of § 523(a)(9) of the Bankruptcy Code.

### LEGAL DISCUSSION
### SUMMARY JUDGMENT

In considering a motion for summary judgment, the question presented to this Court is whether there is "no genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). This Court cannot try issues of fact on a Rule 56 motion, but is authorized to determine whether there are issues to be tried. *In re Atlas Concrete Pipe, Inc.,* 668 F.2d 905, 908 (6th Cir.1982).

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the Supreme Court held that "in filing a motion for summary judgment, the judge must view the evidence presented through the prism of the substantive evidentiary burden; i.e., whether a jury could reasonably find either the plaintiff proved his case by the quality or quantity of evidence required by the law or that he did not." *Id.,* 477 U.S. at 254, 106 S.Ct. at 2513. When ruling on a motion for summary judgment, the inference to be drawn from the underlying facts contained in the record must be viewed in a light most favorable to the party opposing the motion. *Anderson,* 477 U.S. at 242, 106 S.Ct. at 2506–07. By granting summary judgment, the Court is concluding that based on the evidence upon which the nonmoving party intends to rely at trial, no reasonable fact finder could return a verdict for the nonmoving party. *Munson v. Friske,* 754 F.2d 683, 690 (7th Cir.1985).

The moving party carries the initial burden of proof by informing the Court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. Once the moving party has produced such evidence, the nonmoving party must then direct the Court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *First National Bank v. Cities Service Co.,* 391 U.S. 253, 289–90, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968).

In the present case, it is clear that there are no material facts in dispute. Moreover, it is clear that Kentucky Farm Bureau is entitled to Judgment as a matter of law with regard to the personal injury portion of its claim, in the amount of $95,346.99, as that portion of the claim is nondischargeable under § 523(a)(9). However, Debtor is entitled to Judgment as a matter of law with regard to the portion Kentucky Farm Bureau's

---

**2.** The November 3, 1994 Judgment awarded Kentucky Farm Bureau $5,346.99 plus legal interest for amounts paid up to that date. The remaining $100,065.00 plus legal interest was awarded to Kentucky Farm Bureau by subsequent Order entered February 7, 1996, by the Livingston Circuit Court.

claim relating to property damage, in the amount of $10,065.00, as that portion of the claim is not within the scope of § 523(a)(9) and is, therefore, subject to discharge.

### A. THE PERSONAL INJURY PORTION OF KENTUCKY FARM BUREAU'S CLAIM IS NONDISCHARGEABLE UNDER SECTION 523(A)(9).

This Court begins its analysis with a review of § 523(a)(9), which excepts from discharge "any debt" arising from the death or personal injury caused by the debtor while unlawfully operating a motor vehicle while intoxicated. Section 523(a)(9) states:

> (A) a discharge under Section 727 ... of this title does not discharge an individual debtor from *any debt*——
>
> (9) for death or personal injury caused by the debtor's operation of motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance; (emphasis added).

In this case, the facts are undisputed that the Tyners sustained personal injury damages caused by Debtor's unlawful operation of his car while legally intoxicated pursuant to the dictates of K.R.S. 189A.010, prohibiting any person from operating a motor vehicle with a blood alcohol concentration of 0.10 or more. Furthermore, it is undisputed that Kentucky Farm Bureau was subrogated to that claim.

Debtor's argument is simply that § 523(a)(9) applies only to personal injury claims held by the *actual victims* of such an accident. Debtor argues that Congress's intent in enacting § 523(a)(9) was to protect *the victims* of drunk driving and, in that effort, to preclude having the debts owed to them discharged through the bankruptcy process. Because Kentucky Farm Bureau acquired the claim at issue through the mechanism of subrogation, and not by nature of itself being a victim of the drunk driving accident caused by Debtor, Debtor asserts that the claim falls outside the scope of § 523(a)(9).

This Court is not persuaded. It is a basic cannon of statutory construction that the interpretation of a statute must "begin with the language of the statute itself."

*Pennsylvania Pub. Welfare Dep't v. Davenport*, 495 U.S. 552, 557–58, 110 S.Ct. 2126, 2130, 109 L.Ed.2d 588 (1990). The general assumption is that "the legislative purpose is expressed by the ordinary meaning of the words used." *Securities Indus. Ass'n v. Board of Governors*, 468 U.S. 137, 149, 104 S.Ct. 2979, 2986, 82 L.Ed.2d 107 (1984); *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291, 108 S.Ct. 1811, 1817–18, 100 L.Ed.2d 313 (1988). Accordingly, when "the statute is clear and unambiguous that is the end of the matter, for the court must give effect to the unambiguously expressed intent of Congress." *U.S. v. Ten Cartons*, 888 F.Supp. 381 (E.D.N.Y.1995); *accord K Mart*, 486 U.S. at 291, 108 S.Ct. at 1817–18; *Torti v. United States*, 249 F.2d 623, 625 (7th Cir.1957). The Court must give the language its plain, ordinary and commonly understood meaning. *K Mart*, 486 U.S. at 291, 108 S.Ct. at 1817–18; *Torti*, 249 F.2d at 625.

This Court has carefully reviewed § 523(a)(9) and finds its language to be unequivocally clear. Section 523(a) excepts from discharge *"any debt"* arising from the enumerated sub-provisions set forth in that section, including personal injury caused by a debtor's unlawful operation of a motor vehicle while intoxicated. § 523(a)(9); *In re Mahlman*, 136 B.R. 723, 726 (Bankr.S.D.Ohio 1992); *See also Lugo v. Paulsen*, 886 F.2d 602, 609–10 (3d Cir.1989). "Any debt" includes debts sounding in contract, as well as those based on tort claims. *Mahlman*, 136 B.R. at 726.

This Court furthermore notes that § 523(a) never refers to "victims," nor does it categorize creditors eligible to assert the nondischargeability of a debt. Thus, § 523(a)'s application is not limited to only certain types of creditors holding the specified claims.

This Court's reading of § 523(a)(9) is supported by the cases which have addressed this particular issue: *Lugo v. Paulsen*, 886 F.2d 602 (3rd Cir.1989); *In re Hudson*, 859 F.2d 1418 (9th Cir.1988); *In re Mahlman*, 136 B.R. 723 (Bankr.S.D.Ohio 1992); *In re Hodak*, 119 B.R. 516, 519 (Bankr.W.D.Pa. 1990); *See also In re Scholz*, 111 B.R. 651, 653 (Bankr.N.D.Ohio 1990). These courts

reviewed the legislative history of § 523(a)(9) and found that Congress sought to achieve three objectives by its adoption of that Statute:

(1) To deter drunk driving;

(2) To insure that those who caused injury by driving drunk did not escape civil liability through the bankruptcy laws; and

(3) to protect victims of drunk driving.

*Lugo,* 886 F.2d at 610; *Hudson,* 859 F.2d at 1423; *Hodak,* 119 B.R. at 519; *Mahlman,* 136 B.R. at 726; *See also Scholz,* 111 B.R. at 653.

As the Third and Ninth Circuits have both noted, "the remarks of legislators suggest that their concern with the dischargeability of debts resulting from acts of drunk driving stemmed as much from a desire to deter drunk driving as to protect the victims of accident." *Lugo,* 886 F.2d at 609–10: *Hudson,* 859 F.2d at 1423. This conclusion was reached after reviewing an April 27, 1983 Statement of Senator Metzenbaum, in which he stated that "by making such debts nondischargeable, we can protect victims of the drunk driver and *deter drunk driving.*" *Lugo,* 886 F.2d at 609–10 (emphasis added) (quoting 129 Cong. Rec. 9947). These same sentiments were again echoed by Senators Danforth and Dole in their comments regarding § 523(a)(9). *Id.; Hudson,* 859 F.2d at 1422.

The *Mahlman* case is particularly insightful for our purposes as it involved facts substantially similar to those involved in this case. 136 B.R. at 723. Like this case, the claim-holder was the insurer of a victim injured in a drunk driving accident and acquired the claim by way of subrogation. *Id.* Also, like the Debtor in this case, the debtor was uninsured at the time of the accident; therefore, the plaintiff insurance company paid damages to the insured under his uninsured motorist coverage. *Id.* Again like this case, all parties acknowledged that the plaintiff insurance company was subrogated to the claims of the insured against the debtor. *Id.* The *Mahlman* Court held that the debtor owed a contract obligation to reimburse the plaintiff insurance company and that such debt fell within the scope of "*any*

*debt.*" "for death or personal injury caused by the debtor's operation of a motor vehicle" while unlawfully operating the vehicle due to intoxication, pursuant to § 523(a)(9). *Id.* at 726. Accordingly, the *Mahlman* Court held the debt owed to the insurance company to be nondischargeable.

This holding is equally applicable to the facts of this case. The debt owed to Kentucky Farm Bureau falls within the scope of "any debt" for purposes of § 523(a)(9) and is, therefore, dischargeable regardless of the fact that it is contractual in nature and was acquired by subrogation.

## B. THE PROPERTY DAMAGES PORTION OF KENTUCKY FARM BUREAU'S CLAIM IS NOT WITHIN THE SCOPE OF § 523(A)(9).

A portion of Kentucky Farm Bureau's claim, $10,065.00, is for property damages. Section 523(a)(9) applies only to damages resulting from death or personal injury. § 523(a)(9); *In re Spencer,* 168 B.R. 142, 145 (Bankr.N.D.Tex.1994); *In re Chapin,* 155 B.R. 323, 326 (Bankr.W.D.N.Y. 1993). Accordingly, the portion of the debt representing the claim for property damages falls outside the scope of § 523(a)(9) and is, therefore, not protected from discharge.

### CONCLUSION

For the above stated reasons, this Court by separate Order sustains Plaintiff, Kentucky Farm Bureau Mutual Insurance Company's, Motion for Summary Judgment to the extent that its claim represents damages for personal injuries, and overrules the Motion to the extent that its claim represents property damages. This Court furthermore sustains the Cross-Motion of Debtor, Deryl Wayne Peppers, for Summary Judgment to the extent that it relates to the property damages portion of Kentucky Farm Bureau's claim, and overrules it to the extent that it relates to the personal injury portion of the claim. The effect of this ruling is to make the portion of Kentucky Farm Bureau's claim for personal injury, in the amount of $95,-346.99 plus interest at the legal rate, nondischargeable pursuant to § 523(a)(9), while the

portion of the claim for property damage, in the amount of $10,065.00, is not protected from discharge by § 523(a)(9) and is, therefore, dischargeable in Debtor's bankruptcy action.