**In re Robert Francis PAIR, Debtor.**

**United Services Automobile Assn.
a reciprocal inter-insurance
exchange, Plaintiff,**

v.

**Robert Francis Pair, Jr., Defendant.**

**Bankruptcy No. 01–01259.
Adversary No. 01–6072.**

United States Bankruptcy Court,
D. Idaho.

July 13, 2001.

Stephen W. Beane, Boise, ID, for Plaintiff.

Cyrus J. Roedel, Boise, ID, for Defendant.

## MEMORANDUM OF DECISION

JIM D. PAPPAS, Chief Judge.

### I. Background.

This is an action to determine the dischargeability of a debt. Before the Court for disposition is the Motion to Dismiss (Docket No. 2) filed by Defendant Robert Pair, Jr. A hearing on the motion was held on May 16, 2001, after which the issues were taken under advisement.

### II. Facts.

The following appear to be the uncontested material facts.[1]

In May of 1998, Defendant was involved in an automobile accident with Odos Lowery ("Lowery"). Lowery's automobile was damaged and Lowery sustained injuries. As a result of his injuries, Lowery also allegedly experienced pain and suffering and suffered lost wages.

Lowery's insurer, Plaintiff United Services Automobile Association ("Plaintiff"), made payments to or on behalf of Lowery for property damage, medical expenses, lost wages, and pain and suffering totaling $31,817.41. Under the terms of its insurance policy with Lowery, Plaintiff was granted a right of subrogation as against Defendant as the party causing the accident to recover the amounts paid.

In July of 2000, Plaintiff sued Defendant in state court. Plaintiff's state court complaint alleged the accident between Defendant and Lowery was caused by Defendant's negligence and carelessness in several particulars, including that Defendant was allegedly "driving a 1989 Voyager automobile, while under the influence of intoxicating beverages in violation of Idaho law." (State Court Complaint; Docket No. 7, pg. 2, ¶ II(1)).[2] When he failed to respond to the complaint within the time allowed, the state district court awarded Plaintiff a default judgment against Defendant, based upon unspecified "proof having been submitted in support of the allegations of Plaintiff's complaint." (Judgment; Docket No. 7, page 1). Plaintiff was awarded $34,914.41 for damages, attorney's fees and court costs, together with accruing interest.

In December of 2000, Defendant filed for Chapter 7 relief in this Court. On March 16, 2001, Plaintiff timely commenced this adversary proceeding seeking a determination that the state court judgment is excepted from Defendant's discharge under Bankruptcy Code Section 523(a)(9), as a debt for personal injury damages caused by a debtor's unlawful operation of a motor vehicle while intoxicated.

Through his motion, Defendant seeks dismissal of the action. He argues that he

---

1. Because the parties have invited the Court to look beyond the allegations of the pleadings, at the May 16 hearing the Court determined that the Defendant's Motion should be considered a motion for summary judgment. See Fed.R.Civ.P. 12(c).

2. Plaintiff also alleged Defendant was negligent because he lost control of his vehicle while traveling at a high rate of speed in excess of that which was reasonable and prudent; that he failed to yield the right of way to Lowery; and that he failed to keep a proper lookout. (State Court Complaint; Docket No. 7; p. 2, ¶ II(2)-(4)).

was not intoxicated at the time of the accident, and in his affidavit, avers that he had not been drinking and had no alcohol in his body at the time of the accident. (Affidavit of Robert Pair; Docket No. 8, pg. 2, ¶ 6). In response, Plaintiff relies upon the state court judgment and the doctrine of collateral estoppel. In particular, Plaintiff argues Defendant is precluded from denying he was intoxicated.

### III. Standard for Summary Judgment and Application of Collateral Estoppel.

In a thoughtful, well-reasoned recent decision, Judge Myers both explained the standard for review of a motion for summary judgment, and reviewed the current case law concerning the application of the doctrine of collateral estoppel in bankruptcy dischargeability litigation. *Massie v. Pate (In re Pate)*, 01.2 I.B.C.R. 59, 60–61 (Bankr.D.Idaho 2001). This Court adopts that discussion as applicable here, and suggests there is no need to repeat the Court's instructions and conclusions at length.

### IV. Discussion and Disposition.

#### Collateral Estoppel

In the case at hand, most of the elements required for the application of collateral estoppel under the Idaho case law are satisfied. *See State v. Gusman*, 125 Idaho 810, 874 P.2d 1117, 1119 (Ct. App.1993); *Anderson v. City of Pocatello*, 112 Idaho 176, 731 P.2d 171, 178–79 (1987). For example, Defendant was the party against whom the issues sought to be precluded here were asserted in the prior litigation. Defendant was given a full and fair opportunity to litigate the case, but elected not to participate in the litigation. There was a final judgment in the prior litigation awarded on the merits. *See e.g. In re Coryell*, 97.1 I.B.C.R. 11, 12 (Bankr.D.Idaho 1997) (holding default judgment satisfies the "on the merits" re-

quirement of collateral estoppel). However, at least two elements necessary for operation of the doctrine are missing here.

The Court concludes the issues raised in the state court action were not identical to the issues raised in this adversary proceeding. Here, the sole issue is whether Defendant owes Plaintiff a debt for damages caused by his unlawful operation of a motor vehicle while intoxicated. 11 U.S.C. § 523(a)(9). By contrast, in state court, the issue was whether Defendant negligently operated his auto for any of four different alleged reasons, only one of which was that he was driving while intoxicated. Since there is nothing in the state court's judgment specifying which of the various allegations of negligence upon which the court relied in awarding Plaintiff its judgment, and since the award could have been justified under any of those grounds, the state court judgment does not preclude relitigation here of whether Defendant was drinking and driving.

In addition, on this sparse record, the Court has genuine concerns whether the issue sought to be precluded in this action (i.e., whether the accident was caused by Defendant driving while intoxicated) was "actually adjudicated" in the prior litigation. This Court in *Coryell* discussed in depth whether a default judgment is "actually adjudicated" and can therefore be afforded collateral estoppel effect. 97.1 I.B.C.R. at 12. The Court held that a flexible application of the "actually adjudicated" rule was appropriate for Idaho. *Id.* at 13. While not the universal rule, following the lead of other state and federal courts, this Court concluded that collateral estoppel effect should only be given a default judgment in instances where both parties to the action actually participated in the adjudicative process to some degree. *Id.*

Whether or not to apply the doctrine of collateral estoppel is "left to the

broad discretion of the trial court." *Stokes v. Fancher, Inc.,* 96.4 I.B.C.R. 141, 142 (Bankr.D.Idaho 1996) quoting *In re Gottheiner,* 703 F.2d 1136, 1139 (9th Cir.1983); *see also Saindon,* 95 I.B.C.R. at 171, citing *Robi v. Five Platters, Inc.,* 838 F.2d 318, 321 (9th Cir.1988) (finding that the availability of collateral estoppel is a question of law, but the decision to apply the doctrine falls within the court's discretion). This Court has previously stated that when trying to determine whether a case was "actually litigated," the court should look at the entire record of the state proceeding, not just the judgment. *Waters,* 90 I.B.C.R. at 384, citing Bankruptcy Evidence Manual, Section 9 (1990).

The Ninth Circuit has held that while the extent of the preclusive effect of collateral estoppel is a question of state law, the determination of the dischargeability of a debt implicates a uniquely federal question of law. *Gayden v. Nourbakhsh (In re Nourbakhsh),* 67 F.3d 798, 800 (9th Cir. 1995); *see also Comer v. Comer (In re Comer),* 723 F.2d 737, 739 (9th Cir.1984) (finding that collateral estoppel does not "bar the bankruptcy court from looking beyond the state court judgment to determine whether the debt came within one of the exceptions to discharge"). In this instance, the record provided by Plaintiff of the state proceeding reveals no substantial information. Plaintiff's submissions consist solely of a copy of the state court complaint and judgment. No other information about the state court case is provided, and in particular, nothing showing the extent of Defendant's participation in that action, nor any details concerning what sort of "proof" was submitted to the state court in support of the bare allegations of the complaint to justify entry of the judgment. Under these circumstances, the Court declines to exercise its discretion in favor of giving preclusive effect to the state court judgment.

**Section 523(a)(9)**

■ Three elements must be proven by a creditor in order for the Court to find a debt excepted from discharge under Section 523(a)(9): "(1) there must be a debt for death or personal injury; (2) the death or personal injury must have been caused by debtor's unlawful operation of a motor vehicle; and (3) the operation of the motor vehicle must have been unlawful because the debtor was intoxicated pursuant to state law." *Voorhees v. Rosencrantz (In re Rosencrantz),* 95 I.B.C.R. 129, 130 (Bankr.D.Idaho 1995), quoting *In re Mutschler,* 1994 WL 463955, \*1, 1994 Bankr.LEXIS 1294, 7 (Bankr.W.D.Pa. 1994). Plaintiff's judgment against Defendant is, at least in large part, a debt for personal injury, and arguably if Defendant was driving his car is a negligent fashion, his operation of the vehicle was unlawful. However, satisfying the third element is the most difficult and important element in the case at hand to prove.

■ Defendant argues that in order to prove Defendant was unlawfully operating his vehicle under the influence of alcohol, Plaintiff must show Defendant was found guilty of drunk driving under state law. The case law is to the contrary. *See e.g. Whitson v. Middleton,* 898 F.2d 950, 952 (4th Cir.1990); *Allstate Ins. Co. v. Humphrey (In re Humphrey),* 102 B.R. 629, 632 (Bankr.S.D.Ohio 1989). The Court declines to construe Section 523(a)(9) to require an actual criminal conviction as a condition for its operation.

■ Instead, to determine whether Defendant was unlawfully intoxicated for the purposes of Section 523(a)(9), the court must apply state law. *Id.* The relevant statute, Idaho Code § 18–8004(1)(a), provides: "It is unlawful for any person who is under the influence of alcohol, drugs or any other substances ... to drive or be in actual physical control of a motor vehicle

within this state." In Idaho, driving under the influence may be established under two alternative theories of proof. *State v. Edmondson,* 125 Idaho 132, 867 P.2d 1006, 1008 (Ct.App.1994). These two theories of proof are: (1) forensic testing of the driver's breath, blood or urine to show the blood alcohol content (BAC); or (2) direct or circumstantial evidence of impairment of ability to drive due to the influence of alcohol. *State v. Andrus,* 118 Idaho 711, 800 P.2d 107, 109 (Ct.App.1990).

 Defendant stated in his sworn affidavit that he was given a field sobriety test which, according to Defendant, indicated he was not intoxicated. (Docket No. 8, pg. 1–2, ¶ 5). While the Court does not rely upon the hearsay in Defendant's affidavit concerning the results of any field sobriety test, the affidavit is good evidence that such a test performed. Plaintiff has not placed this fact in issue, nor has Plaintiff offered the results of the test. Therefore, Plaintiff can not for purposes of this motion rely upon the test to establish this element of proof under Section 523(a)(9).

Plaintiff has offered no other direct or circumstantial evidence that Defendant was driving while intoxicated. Plaintiff submitted only the complaint which alleges, in the alternative, Defendant was liable for damages because he caused the accident by driving "while under the influence of intoxicating beverages, in violation of Idaho law." (Docket No. 7, pg. 1, ¶ 1). However, the complaint was not verified, and standing alone does not constitute admissible evidence. The judgment also can not be considered evidence of whether Defendant was operating his auto unlawfully at the time of the accident.

Defendant states under oath that he had not been drinking and had no alcohol in his body. (Docket 8, pg. 2 ¶ 6). Therefore, unless controverted, the Court must accept Defendant's statement that he had not been drinking. In other words, Defendant has offered admissible evidence that he was not operating his vehicle while intoxicated (i.e., his word), and Plaintiff has failed to counter that averment with any evidence to the contrary. On this record, Defendant is entitled to summary judgment.[3]

## V. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss Adversary Proceeding (Docket No. 2), which the Court hereby treats as a motion for summary judgment, should be granted.

A separate order will be entered.

---

**3.** Because the Court concludes Defendant is entitled to summary judgment, the Court need not reach the issue whether under Section 523(a)(9), Plaintiff's judgment for medical expenses, property damages, lost wages, as compared to pain and suffering, may be ex- cepted from discharge. *See, e.g., Kentucky Farm Bureau v. Peppers,* 213 B.R. 956, 961 (Bankr.W.D.Ky.1996) (holding that portion of debt representing property damage was outside scope of Section 523(a)(9)).