In re Kelly J. DELIA, Debtor.

Micon Wayside Bar & Grille, Inc., Plaintiff,

v.

Kelly J. Delia, Defendant.

Bankruptcy No. SG 05 20567.
Adversary No. 05–81560.

United States Bankruptcy Court, W.D. Michigan.

Oct. 3, 2006.

Robert A. Stariha, Stariha Law Offices, P.C., Fremont, MI, for Debtor/Defendant.

## OPINION

JO ANN C. STEVENSON, Chief Judge.

This matter comes before the court upon Plaintiff's Motion for Summary Judgment on its Complaint to determine non-dischargeability pursuant to 11 U.S.C. § 523(a)(9).

Presented in this adversary proceeding are claims that arise in a case referred to this court by the Standing Order of Reference entered by the United States District Court for the Western District of Michigan on July 24, 1984. This court has jurisdiction over this case pursuant to 28 U.S.C. § 1334(b), and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Accordingly, the bankruptcy court is authorized to enter a final judgment subject to those appeal rights afforded by 28 U.S.C. § 158 and Fed. R. Bankr.P. 8001 et. seq.

After drinking at the Micon Wayside Bar and Grille (the Wayside Bar or Plaintiff), Debtor caused a car accident, seriously injuring two people. The Debtor entered a plea of no contest in state circuit court to the felony offense of operating a motor vehicle under the influence of alcohol.

The accident victims filed a negligence/dram shop action in state circuit court which resulted in a judgment of $50,000.00 against the Wayside Bar. Also in the state court action, the Wayside Bar, as a cross-plaintiff, recovered a judgment of $50,000.00 against the Debtor pursuant to MCLA § 436.1801(6), which states that any licensee who sells alcohol to a visibly intoxicated person has the right of full indemnification from the intoxicated person for all damages awarded against the licensee.

In this adversary proceeding, the Wayside Bar asks that this judgment be determined non-dischargeable pursuant to 11 U.S.C. § 523(a)(9).

Debtor argues that the sole basis for the judgment obtained by the Wayside Bar against him is the statutory right of indemnification and not a claim for death or personal injury caused by his operation of a motor vehicle. Because it is a statutory right of indemnification and was awarded due to the Plaintiff's own tortious conduct, the Plaintiff does not stand in the shoes of the victims and cannot collect the debt from the Debtor.

The Plaintiff argues that 11 U.S.C. § 523(a)(9) does not limit non-dischargeability to debts owing only to the personal injury victims of a drunk driver but includes any debt for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol.

Summary Judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Bankr.P. 7056. The summary judgment rule requires that the disputed facts be material, that is, facts which are defined by substantive law and are necessary to apply the law. The rule also requires that the dispute be genuine, to wit, if a reasonable jury could return a judgment for the non-moving party. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). "Only disputes over the facts that might affect the outcome of the suit under the governing law will preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The court must draw all inferences in a light most favorable to the non-moving party, but the court may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Financial Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir.1992)(quoting *Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

We start by looking at the Dram Shop Act which allows a licensee, in this case the Wayside Bar, full indemnification from the intoxicated individual. When it gave licensees the right of full indemnification, the Michigan Legislature apparently intended to hold the intoxicated individual fully responsible for his actions regardless of any conduct by the licensee. The state court allowed the Plaintiff to exercise this right by awarding it $50,000.00 against the Debtor.

The language of 11 U.S.C. § 523(a)(9) is clear and unambiguous in expressing Congress' intent when it states that a bankruptcy discharge does not discharge an individual from *any* debt for death and personal injury caused by the debtor's unlawful operation of a motor vehicle while intoxicated.

This court's recent decision in *Simons v. Hart (In re Hart)*, 347 B.R. 635 (Bankr. W.D.Mich.) noted that "the purpose of Congress in enacting this statute was to prevent drunk drivers from escaping financial obligations to their victims by filing bankruptcy."

The Michigan Dram Shop Act, 11 U.S.C. § 523(a)(9) and our decision in *Hart* all hold the intoxicated person ultimately financially responsible for his actions.

Furthermore, in *Farm Bureau Mutual Insurance Co. v. Peppers (In re Peppers)*, 213 B.R. 956 (Bankr.W.D.Ky.1996) which involved the interplay between § 523(a)(9) and a subrogation claim against a drunk driver/bankruptcy debtor, the court noted that § 523(a)(9) never refers to "victims" or any other categorization of eligible creditors allowed to assert claims pursuant to § 523(a)(9).

Nor does the fact that the Wayside Bar holds a statutory right of indemnification as opposed to a contractual right of subrogation make a difference. "Absent the personal injury, there would have been no debt to find its way back to the debtor as a matter of law." *In re Felski*, 277 B.R. 732 (E.D.Mich.2002). In other words, had the Debtor not been drinking and driving, and the victims not been injured, then there would be no liability imposed upon the Plaintiff by the Dram Shop Act and no indemnification judgment granted to the Plaintiff.

Unfortunately, just the opposite occurred—the Debtor was drinking and driving, he injured the victims, partial liability was assigned to the Plaintiff, which in turn triggered the indemnification judgment in favor of the Plaintiff and against the Defendant.

Consequently, we find that in keeping with the precedent of this and other courts, and the intent of Congress and the Michigan Legislature, the intoxicated person should bear the full cost of his decision to unlawfully operate a motor vehicle while under the influence of alcohol. The judgment of $50,000.00 awarded the Wayside Bar in Oceana County Circuit Court under the indemnification provisions of MCLA § 436.1801(6) is not dischargeable by the Debtor in bankruptcy.